OPINION
{¶ 1} Plaintiff-appellant Samuel A. Seitz appeals the December 12, 2005 Judgment Entry of the Morrow County Court of Common Pleas, designating defendant-appellee Tobbi L. Seitz residential parent of the parties' minor children.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married on April 30, 1992, and two children were born of the marriage: Sidney, born September 4, 1995, and Simone, born September 21, 1992. At the time the parties were married, appellee was a linguist in the United States Navy, stationed in Spain. Due to appellee's military responsibilities, appellant was the children's primary care giver for several years. The parties lived in Spain until 1998, when appellant moved to his parents' home in Cardington, Ohio with the children. Appellant did not advise appellee of his decision to move, and appellee had another year of service to fulfill. At the time, appellee was at sea on a tour of duty, and applied for emergency leave or discharge, which was denied. Eventually, appellant was reassigned to Fort Meade, Maryland.
 {¶ 3} On October 11, 1999, appellant filed a complaint for divorce. On November 17, 1999, the trial court issued temporary orders designating appellant the children's temporary residential parent and granting appellee companionship pursuant to the Local Rule 2 long distance schedule.
 {¶ 4} On March 23, 2002, the case was tried to the magistrate for a determination of custody. The magistrate did not render a decision until twenty-four months later on March 22, 2004. Appellee filed objections to the Magistrate's Decision.
 {¶ 5} On August 15, 2004, the trial court conducted a hearing in this matter, considering additional facts and circumstances. Via Judgment Entry of August 25, 2004, the trial court ordered a hearing as to the allocation of parental rights and responsibilities and reappointed the guardian ad litem. The Entry also required the guardian ad litem arrange a home study and observe the children's interactions with both parents.
 {¶ 6} Via Judgment Entry of December 12, 2005, the trial court adopted the March 22, 2004 Magistrate's Decision as an order of the court as to all matters, exclusive of the allocation of parental rights and responsibilities, and designated appellee the sole residential parent and legal custodian of the parties' children.
 {¶ 7} It is from the December 12, 2005 Judgment Entry appellant now appeals, assigning as error:
 {¶ 8} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DELAYING ACTION FOR FORTY (40) MONTHS AFTER THE CLOSE OF EVIDENCE BEFORE THE MAGISTRATE.
 {¶ 9} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS INTERACTIONS WITH THE GUARDIAN AD LITEM.
 {¶ 10} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN BASING ITS ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES, IN ANY PART, ON A CONSIDERATION OF THE PARENTS' RELATIVE FINANCES. R.C. 3109.04(F)(3).
 {¶ 11} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS DETERMINATION OF AND ORDER FOR VISITATION.
 {¶ 12} "V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING, CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, THAT APPELLANT HAD ENGAGED IN PARENTAL ALIENATION."
 {¶ 13} Appellant asserts the trial court abused its discretion in allocating the parental rights and responsibilities in this matter. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. In applying the abuse of discretion standard or review, we may not merely substitute our judgment for that of the trial court.Berk v. Matthews (1990), 53 Ohio St.3d 161.
 I {¶ 14} In the first assignment of error, appellant cites the trial court's delay in rendering a decision in this matter. Specifically, appellant asserts the trial court abused its discretion in considering evidence presented after the March 23, 2002 hearing before the magistrate. Appellant maintains had the magistrate acted expeditiously or even reasonably after the close of his hearing, the evidence upon which the trial court relied in upholding appellee's objection and reversing the determination of custody would not have been in the record.
 {¶ 15} While we agree the delay in this matter was arguably excessive and unreasonable, appellant has not referenced his objection to the trial court proceedings in the record. Appellant failed to object to the trial court's hearing additional evidence after the delay in rendering a decision after the March 23, 2004 hearings. As a general rule, a party's failure to raise an issue at the trial court level waives the issue on appeal. State v. Williams (1977), 51 Ohio St.2d 112. Accordingly, we find appellant's first assignment of error waived, and overrule the same.
 II {¶ 16} In the second assignment of error, appellant asserts the trial court abused its discretion in failing to comply with either the statutory or procedural authorization for appointment of the guardian ad litem. Again, appellant does not reference where in the record he objected to the trial court's appointment or reappointment of the guardian ad litem; accordingly, the argument is waived on appeal.
 {¶ 17} The second assignment of error is overruled.
 III {¶ 18} In the third assignment of error, appellant argues the trial court erred and abused its discretion in basing its allocation of parental rights and responsibilities on a consideration of the parties' relative finances.
 {¶ 19} Specifically, appellant cites the December 12, 2005 Judgment Entry, which noted appellee resides with her fiancÉ in a home in which each child has a bedroom of her own, and appellant has not helped his situation by resigning his job and not exhibiting a desire to obtain employment for over nine months. The court further noted appellant has never established his own home with the girls.
 {¶ 20} Appellant argues the trial court erred in considering the parties' financial situations, in violation of R.C. 3109.04(F)(3). The statute reads:
 {¶ 21} "(3) When allocating parental rights and responsibilities for the care of children, the court shall not give preference to a parent because of that parent's financial status or condition."
 {¶ 22} Upon review, we do not find the trial court's consideration of the above tantamount to a preference of one party over another based solely upon their relative financial situation. However, assumingarguendo the trial court did impermissibly consider the financial situation of both parties, we find the same harmless error.
 {¶ 23} Appellant's third assignment of error is overruled.
 IV {¶ 24} In the fourth assignment of error, appellant argues the trial court erred and abused its discretion in its determination and order for visitation.
 {¶ 25} Appellant cites R.C. 3109.04(A)(1), which provides:
 {¶ 26} "(A) If a divorce, dissolution, legal separation, or annulment proceeding involves a child and if the court has not issued a shared parenting decree, the court shall consider any mediation report filed pursuant to section 3109. 052 of the Revised Code and, in accordance with division (C) of this section, shall make a just and reasonable order or decree permitting each parent who is not the residential parent to have parenting time with the child at the time and under the conditions that the court directs, unless the court determines that it would not be in the best interest of the child to permit that parent to have parenting time with the child and includes in the journal its findings of fact and conclusions of law. Whenever possible, the order or decree permitting the parenting time shall ensure the opportunity for both parents to have frequent and continuing contact with the child, unless frequent and continuing contact by either parent with the child would not be in the best interest of the child. The court shall include in its final decree a specific schedule of parenting time for that parent. * * *"
 {¶ 27} Appellant asserts the trial court's order fails to include a specific schedule of continuing contact between appellant and the children. Rather, the December 12, 2005 Judgment Entry indicates no further orders for visitation would be issued pending additional proceedings, and provides for a review hearing to address appellant's visitation, but leaves the date thereof blank. Appellant further argues the trial court failed to consider the mandatory statutory factors set forth in R.C. Section 3109.051 Braatz v. Braatz (1999),85 Ohio St.3d 40.
 {¶ 28} A review of the December 12, 2005 Judgment Entry indicates the trial court ordered:
 {¶ 29} "c. Due to the fact that this is a parental alienation case, the only visitation the Plaintiff shall have with the children shall be supervised until the Court receives a report and conducts a hearing. The Plaintiff shall have supervised visitation through Anne Arundel County. The Plaintiff shall contact Jennifer Cassel as noted above to coordinate his supervised visitation.
 {¶ 30} "It is ORDERED that Samuel A. Seitz shall be entitled tosupervised visitation with minor children, Simone dob 9/21/92 and Sidney dob 9/4/95, which visitation shall be held at the Visitation Center of Anne Arundel County, 101 N. Crain Highway, Glen Burnie, MD 21061. (410-863-7370) At the intersection of Crain Highway and Baltimore-Annapolis Blvd). That visitation shall take place on the following schedule: Any two (2) of the following dates, December 23, 25, 30, 2005 and January 1, 6, 8, 2006.
 {¶ 31} "Wednesday from 6:00 — 7:00 p.m. Frequency: as stated above
 {¶ 32} "Or
 {¶ 33} "Friday from 6:00 — 7:00 p.m. Frequency: as stated above
 {¶ 34} "Sunday (2 hours) — to be arranged — $40.00
 {¶ 35} "VISITATION SHALL BEGIN ON THE FIRST AVAILABLE DATE ASDETERMINED BY THE VISITATION CENTER STAFF AND FOLLOWING THE COMPLETION OF THE INTAKE INTERVIEW.
 {¶ 36} "* * *
 {¶ 37} "ORDERED that visitation shall continue to be supervised at the Visitation Center of Anne Arundel County for a period not to exceed 90 days (90 days MAX); and it is further
 {¶ 38} "ORDERED that the Visitation Center of Anne Arundel County shall submit a written report to the court at the end of that period on the frequency and conduct of visits; * * *
 {¶ 39} Based upon the above, we find the trial court order setting forth the visitation schedule to be just and reasonable, allowing appellant frequent and continuing parenting time pursuant to a specific schedule in compliance with R.C. 3109.04(A)(1).
 {¶ 40} The fourth assignment of error is overruled.
 V {¶ 41} In the final assignment of error, appellant asserts the trial court's decision was against the manifest weight of the evidence.
 {¶ 42} As an appellate court, we neither weigh the evidence, nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.CE. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 43} R.C. 3109.04(F) provides:
 {¶ 44} "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 45} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 46} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 47} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 48} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 49} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 50} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 51} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 52} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 53} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 54} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 55} In the December 12, 2005 Judgment Entry, the trial court specifically finds:
 {¶ 56} ". . . Plaintiff has been alienating the children against the Defendant for the past five years. This finding is based in part on the lack on the Plaintiff's facilitating visitation during this time period, the testimony, and Dr. Lilley's evaluation and recommendations.
 {¶ 57} "The Plaintiff has exhibited a total lack of understanding of the importance of both parents involvement in the children's lives. This Court gave him control and the Plaintiff abused it. All things considered, there would have been a strong probability that had this alienation not occurred the Plaintiff would have retained custody of the children. He had custody and control for five years, and there was a bonding that naturally takes place. Further the Defendant lived out of State and could not exercise the normal visitation. Courts generally do not make a change of custody under these circumstances, assuming visitation regularly occurs with the noncustodian parent. However, one thing can change that generalization — parental alienation. The harm that can be done to children is inconceivable. There is nothing to suggest in the evidence that the Defendant is a bad person. Quite the contrary, she was a good mother before the separation of the parties. After the separation, she was a mother that wanted to see her children and the Plaintiff did all he could to prevent that from happening. Unfortunately the Court did not do a whole lot to alleviate this abuse by the Plaintiff during the past years. The lapse of time in this case was not good for all parties.
 {¶ 58} "The Court has based its findings in the best interests of the minor children
 {¶ 59} "The Court has taken into consideration all of the factors set both in ORC 3109.04 (F)(1)(a-j) in aiding the Court in obtaining the best interests of the children.
 {¶ 60} "The Court has reviewed and applied all of these factors and finds the best interests of the children is served by designating the Defendant as the residential parent and the Plaintiff as the non-residential parent.
 {¶ 61} "This Court feels that one issue stands out in addition to all other factors in 3109.04(F) (1 )(1-j) and that is who will better facilitate visitation and exchange information with the other parent. That is clearly the Defendant. The Plaintiff has had five years to demonstrate that quality and he has failed. It is evident to the Court that the children have been alienated against Defendant by the Plaintiff. The Plaintiff has not exhibited that he will change or ever recognize that he ever did anything wrong. That is very disturbing. The plaintiff has not helped his situation by resigning his job and not exhibiting a desire to obtain employment for over nine months. Further the Plaintiff has never established his own home for himself and the girls.
 {¶ 62} "This is magnified from the fact that it appears the Plaintiff's mother has not been a positive influence for the girls and their relationship with the Defendant while they have lived with her.
 {¶ 63} "Both parties love the children, but to complete the cycle of being a good parent of children of divorce is to encourage a positive relationship with the other parent. The evidence does not suggest that the plaintiff would change and the children would not be able to develop a positive relationship with the Defendant.
 {¶ 64} "The children would continue to act out their roles to please the Plaintiff.
 {¶ 65} "On the other hand, the court believes the Defendant will facilitate visitation and encourage a positive relationship between the girls and the Plaintiff. This was shown by her forbearance to expose Dominique, the Plaintiff's girl friend, as the one who actually mentioned the possible sexual allegations against the Plaintiff. Through all the parental alienation exhibited by the Plaintiff, the Defendant appears to bear no animosity toward the Plaintiff. The children will have an opportunity to grow in the new environment with the Defendant.
 {¶ 66} "Also it is the belief of the court there will be no coaching, or an agenda set forth by the Defendant to discourage any relationship between the Plaintiff and the children. It is believed this alienation by the Plaintiff would continue if the children were left under His [sic] care and control.
 {¶ 67} "For the aforementioned reasons the Defendant is designated the residential parent of Simone and Sidney."
 {¶ 68} The record demonstrates appellant interfered with appellee's parenting time with the children on numerous occasions. Additionally, the guardian ad litem report noted significant reservations with regard to designating appellant residential parent; expressing concern with his interference with appellee's parenting times and alienating the children from appellee. The guardian ad litem eventually recommended appellee be designated the residential parent of the children.
 {¶ 69} Based upon the above, the trial court's decision was based upon competent, credible evidence, and was not against the manifest weight of the evidence. Therefore, the fifth assignment of error is overruled.
 {¶ 70} Based upon the above, the December 12, 2005 Judgment Entry of the Morrow County Court of Common Pleas is affirmed.
Hoffman, P.J., Edwards, J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the December 12, 2005 Judgment Entry of the Morrow County Court of Common Pleas is affirmed. Costs to appellant